TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00420-CR







Dianna Reyes Rodriguez, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 94CR-194, HONORABLE FRED CLARK, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of theft. Act of May 27, 1985, 69th Leg., R.S., ch.
599, § 1, 1985 Tex. Gen. Laws 2244, amended by Act of May 10, 1993, 73d Leg., R.S., ch.
203, §§ 4,5, 1993 Tex. Gen. Laws 390, 391-92 (Tex. Penal Code Ann. § 31.03(a), (e)(2)(A),
since amended). The county court at law assessed punishment at incarceration for 180 days and
a $750 fine, suspended imposition of sentence, and placed appellant on probation.

 On January 11, 1994, Mark Gonzalez was working as the loss-prevention officer
at a discount department store in New Braunfels. On that day, he observed appellant and her
daughter place a number of small items in a purse being carried in a shopping basket. As
Gonzalez watched, the women left the store after paying for merchandise that was visible in the
shopping basket but not for the items in the purse. Gonzalez stopped the women outside and
asked them to return to the store. Over appellant's protest, the women accompanied Gonzalez to
his office. In the purse, Gonzalez found costume jewelry, cosmetics, nonprescription drugs, and
other goods having a total retail value of $37.68. At first, appellant claimed to own the purse,
but later her daughter asserted ownership.

 In point of error one, appellant contends the State failed to prove that she intended
to deprive the store of the property. Both appellant and her daughter testified that the daughter
placed the merchandise in the purse without appellant's knowledge. Appellant also notes that
Gonzalez could not identify any specific item found in the purse as having been put there by
appellant. Appellant concludes from this that the State failed to prove she intended to steal the
property found in the purse.

 The credibility of appellant and her daughter, and the weight to give their
testimony, was for the jury to determine. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). 
Gonzalez testified that he saw appellant place merchandise in a purse and leave the store without
paying for it. From this, and from the discovery of the stolen property in the purse, a rational
trier of fact could conclude beyond a reasonable doubt that appellant unlawfully appropriated the
property with the requisite intent to deprive. See Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). Point of error one is overruled.

 Next, appellant contends the State failed to prove the value of the stolen property. 
The State introduced a written report prepared by Gonzalez after this incident in which he listed
the items found in the purse and their retail prices. Gonzalez was questioned by defense counsel
regarding this list:


Q Okay. And these items, this is based -- you don't have any actual knowledge
of what the value of the items were; do you?


A Not at the time. After the fact, we do get the price.


Q But you're not qualified to testify about what the value is; are you?


A No, sir.



Appellant argues that because Gonzalez was not qualified to testify to the value of the merchandise
taken in the theft, his testimony regarding the value was without probative value. 

 It is clear from the context that Gonzalez merely testified that he could not assign
the retail price to each item from memory. Gonzalez's testimony demonstrates that he obtained
the retail prices of the stolen items and placed them in the report. This report, which was
admitted in evidence, is sufficient to establish that the stolen property had a retail value greater
than $20. 

 Appellant also argues under this point of error that Gonzalez could not testify to
the value of the stolen property because he was not the owner. The evidence demonstrates,
however, that he had a greater right to possession than appellant. Tex. Penal Code Ann.
§ 1.07(a)(35)(A) (West 1994). Point of error two is overruled.

 Finally, appellant complains of several statements made by the prosecutor during
jury argument. Appellant contends the prosecutor improperly vouched for the credibility of
Gonzalez when she said that he "had nothing to gain" by lying to the jury about appellant's
actions. Appellant urges that the prosecutor argued facts not in evidence when she stated that
appellant's daughter was attempting to take the blame for the theft to protect her mother. And
appellant complains that the prosecutor made a statement contrary to the law when she told the
jury that ownership of the purse was not an element of the offense. 

 The latter statement was accurate. While ownership of the purse in which the
stolen property was found might have been a relevant fact, it was not an element of the offense
charged. That appellant's daughter was taking the blame for her mother was a reasonable
inference from the evidence. And the prosecutor's statement that Gonzalez had nothing to gain
from his testimony did not constitute a personal endorsement of his credibility. We find nothing
objectionable in these arguments, and certainly nothing so prejudicial that the error could not have
been cured by an instruction to disregard. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 1, 1995

Do Not Publish